## APPEAL OF MIDWEST HOTEL CO.

Docket No. 2933. Decided October 20, 1926.

A stockholder who owned substantially all the stock of a corporation acquired a leasehold on real estate at a cost of $23,000, and had the lease made to the corporation as lessee. *Held*, that such lease was paid in to and became invested capital of the corporation in the amount of its cost to the stockholder from the date so acquired, and that the corporation is entitled to deduct aliquot parts of such cost from its income in making its income and profits-tax returns during the term of the lease.

*Edward J. Dillon, C. P. A.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

The Commissioner has determined deficiencies in income and profits taxes for the years 1920 and 1921, in the amounts of $342.32 and $72.32, respectively. The controversy arises from the Commissioner's exclusion of the value of a certain leasehold from the invested capital of the petitioner for the taxable years, and from his disallowance of deductions from gross income on account of the depreciation of such leasehold.

### FINDINGS OF FACT.

The petitioner is a Missouri corporation, which was incorporated on September 17, 1917, with authorized capital stock in the amount of $30,000, divided into 300 shares of the par value of $100 each, all of which was issued for certain hotel equipment which, the parties agree, had a value of $12,000, at the date of incorporation. From September 17, 1917, until August 12, 1918, all the stock of the petitioner was owned by John C. Lane and other stockholders, and the hotel operated by the corporation was conducted and managed by Lane, who was the owner of the leasehold, on the ground and buildings occupied and used for hotel purposes, and known as the Midwest Hotel Co., and was personally responsible to the owners of such real estate for all rentals reserved by the terms of the lease.

On August 3, 1918, Lane entered into a contract to acquire and sell all the stock of the Midwest Hotel Co., and the leasehold of the real estate on and in which the Midwest Hotel Co. was operated, to S. J. Staats for $33,000. On August 12, 1918, this contract was accomplished by the delivery of 290 shares of the stock of the Midwest Hotel Co. to Staats, together with a supplementary agreement that the remaining 10 shares would be so delivered, and by the delivery of a sublease of the real estate running from John C. Lane

to the Midwest Hotel Co. for a term extending from August 12, 1918, to August 26, 1926. As a result of this transaction, the Midwest Hotel Co., on August 12, 1918, came into possession of and owned tangible property of the value of $33,000, to wit, hotel furniture and equipment that was worth $10,000, and a leasehold on the real estate occupied by the hotel which had been acquired from Lane by Staats at a cost of $23,000 and which, at the direction of said Staats, had been made by Lane directly to the Midwest Hotel Co.

## OPINION.

LANSDON: The Midwest Hotel Co., previously operated either as a partnership or individual business, was incorporated on September 17, 1917, and, so far as the record of this proceeding shows, an interest in excess of 50 per cent remained in the hands of prior owners. Its statutory invested capital at the date of incorporation, as limited by section 331 of the Revenue Act of 1918, therefore, was $12,000, which the parties agree was the cost to the prior owners of all the assets acquired for stock of the par value of $30,000.

Prior to August 12, 1918, a sublease on the property used by the petitioner was acquired by Staats at a cost of $23,000. Such leasehold was paid in to the corporation by Staats on August 12, 1918, and, from that date, was an element of its invested capital.

It is contended by the Commissioner that, inasmuch as the sublease was never actually made to Staats, although it was proved that he paid $23,000 therefor, it was acquired by the corporation without cost and therefore can not be taken into invested capital at its cost to Staats or at any other figure. We are not impressed by this argument. Staats bought and paid for the lease prior to August 12, 1918. That the instrument evidencing such purchase and ownership had not been executed, we regard as immaterial and as affecting the form rather than the substance of the transaction.

From the evidence and the law, we conclude that the statutory invested capital of the petitioner at August 12, 1918, included hotel equipment originally paid in for stock at a value of $12,000, and the leasehold on the real property acquired by Staats at a cost of $23,000, and by him paid in to the petitioner. We also find that the petitioner is entitled to recover the cost of such leasehold during the period from August 12, 1918, to August 26, 1926, by annually deducting aliquot parts of such cost from its annual gross income. *Appeal of Steinbach Co.*, 3 B. T. A. 348.

> *Judgment will be entered on 15 days' notice, under Rule 50.*